**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERT N. JONES** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 4:24-CV-3885** |
| **W&T OFFSHORE INC., REC MARINE** | § | |
| **LOGISTICS, LLC and GULF** | § | |
| **OFFSHORE LOGISTICS, LLC** | § | |
| ***Defendants.*** | § | |

## NOTICE OF REMOVAL

COMES NOW W&T Offshore Inc., pursuant to 28 U.S.C. §§ 1441, 1446 and submits this Notice of Removal of the state court action filed by Plaintiff, Robert N. Jones ("Plaintiff"), from the 333rd Judicial District Court of Harris County, Texas to the U.S. District Court for the Southern District of Texas. This removal is predicated upon the Court's original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331–1356.

### I. INTRODUCTION

1. On September 6, 2024, Plaintiff filed a civil action bearing Cause No. 2024-60236 entitled *Robert N. Jones v. W&T Offshore Inc., REC Marine Logistics, LLC and Gulf Offshore Logistics, LLC* in the 333rd Judicial District Court of Harris County, Texas (the "State Court Action").[1] In this lawsuit, Plaintiff asserts claims for injuries he allegedly sustained on or about June 5, 2024 while he was employed by REC Marine Logistics, LLC and Gulf Offshore Logistics, LLC and working on the *M/V GOL Warrior* (IMO No. 8964305) which was servicing a

[1] Exhibit 2, Plaintiff's Original Petition, filed on September 6, 2024.

fixed platform located at West Delta 73D (the "Platform") in the Gulf of Mexico off the coast of Louisiana on the Outer Continental Shelf. Plaintiff alleges that he was injured when he fell out of a personnel basket that was being lifted by a crane located on the Platform and landed on the deck of the *M/V GOL Warrior*.

2. In the lawsuit, Plaintiff named W&T Offshore Inc. ("W&T"), REC Marine Logistics, LLC ("REC Marine"), and Gulf Offshore Logistics, LLC ("Gulf Offshore Logistics") as defendants. Citations were requested and issued to these defendants by the Harris County District Clerk on September 6, 2024.[2]

3. W&T was served with Plaintiff's lawsuit on September 11, 2024 through its registered agent for service of process.[3]

4. REC Marine was served with Plaintiff's lawsuit on September 30, 2024 through its registered agent for service of process.[4]

5. Gulf Offshore Logistics was served with Plaintiff's lawsuit on September 30, 2024 through its registered agent for service of process.[5]

## II. <u>REMOVAL IS TIMELY</u>

6. This Notice of Removal is timely filed under 28 U.S.C. §1446(b)–(c) because it has been filed within thirty (30) days after service on the Defendants and within one (1) year after commencement of this action by Plaintiff.

## III. <u>VENUE IS PROPER</u>

7. Venue is proper in the Court pursuant to 28 U.S.C. § 1446(a) as the United

[2] Exhibit 1, Citations issued by Harris County District Clerk to the Defendants.
[3] Exhibit 1, Return of Service of Process Transmittal Notice upon W&T.
[4] Exhibit 1, Return of Service of Process Transmittal Notice upon REC Marine.
[5] Exhibit 1, Return of Service of Process Transmittal Notice upon Gulf Offshore Logistics.

States District Court for the Southern District of Texas is the District in which the State Court Action is pending.

## IV. BASIS FOR REMOVAL

8. On June 5, 2024, Plaintiff and the *M/V GOL Warrior* were supporting work being performed on the fixed Platform located on the Outer Continental Shelf, which was conducting operations involving the development and production of minerals of the subsoil and seabed of the Outer Continental Shelf.

9. District courts have original federal question jurisdiction of cases brought under OCSLA, and hence such cases can be removed to federal court under 28 U.S.C. § 1441. This is true regardless of whether federal, state, or maritime law provides the substantive rule of decision in the case, and regardless of the citizenship of the parties. In other words, even if maritime law claims brought in state court do not "arise under" a federal statute so as to permit removal under § 1441, they can be removed if they arise under OCSLA.

10. This Court has jurisdiction over this matter pursuant to OSCLA, which applies federal law to the Outer Continental Shelf and to structures attached to the seabed, whether permanent or temporary:

> The Constitution and laws and civil and political jurisdiction of the United States are extended to the subsoil and seabed of the outer Continental Shelf and to all artificial islands, and all installations and other devices permanently or temporarily attached to the seabed, which may be erected thereon for the purpose of exploring for, developing, or producing resources therefrom, or any such installation or other device (other than a ship or a vessel) for the purpose of transporting such resources, to the same extent as if the outer Continental Shelf were an area of exclusive federal jurisdiction located within a State. . ."

43 U.S.C. § 1333(a)(1). OCSLA applies to an action if the facts alleged in the complaint fall within the scope of the statutory jurisdiction, even if the plaintiff does not specifically

assert any claim under OCSLA in his complaint.[6]

11. Pursuant to 43 U.S.C. § 1349(b)(1) of OCSLA, this Court has subject matter jurisdiction over cases arising out of, or in connection with, activities occurring on the Outer Continental Shelf. Here, the activities giving rise to Plaintiff's alleged cause of action would not have occurred but for the operations at the Platform on the Outer Continental Shelf.[7]

12. Accordingly, this Court has removal jurisdiction over this civil action under 28 U.S.C. § 1441(a) and (c)(1)(A), because it would have had original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 under and by virtue of federal statutes, Acts of Congress, and/or laws of the United States, including the OCSLA.

## V. VENUE IS PROPER

13. Venue of this removed civil action is also proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Harris County, from which the pending state court action has been removed, belongs to and/or forms part of this District.

## VI. CONSENT TO REMOVAL

14. By filing this Notice of Removal, W&T expressly consents to the removal.

15. Defendants, REC Marine and Gulf Offshore Logistics also consent to the removal.[8]

## VII. OTHER MATTERS

16. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders filed in the State Court Action are attached hereto as Exhibits 1–6.

---

[6] *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154-55 (5th Cir. 1996); *Moore v. BIS Salamis, Inc.*, 748 F. Supp. 2d 598 (E.D. Tex. 2010).
[7] *See Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 350 (5th Cir. 1999); *see also Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996).
[8] Exhibit 4, Written Consent to Removal from REC Marine and Gulf Offshore Logistics.

17. Pursuant to 28 U.S.C. 1446(d), W&T will promptly file a Notice of Filing Removal with a copy of this Notice of Removal in the State Court Action. and all counsel of record will be provided with complete copies of same.

18. By virtue of this Notice of Removal, W&T: (i) does not waive any defenses and objections it may have to this action; (ii) does not intend any admission of liability by this Notice of Removal and it expressly reserves all defenses, motions, and/or pleas; and (iii) reserves the right to supplement and/or amend this Notice of Removal.

19. In accordance with the requirements of 28 U.S.C. 1446(a) and Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel for W&T states that the averments of this Notice of Removal are well-grounded in fact and are warranted by existing law and that this matter is within the original jurisdiction of this Court pursuant to 28 U.S.C. §1331 and the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331–1356.

20. Plaintiff did demand a trial by jury in the State Court Action.

WHEREFORE, W&T prays this Notice of Removal be deemed good and sufficient as required by law, that the State Court Action be removed to the United States District Court, Southern District of Texas, Houston Division, and that this Court have and assume full and complete jurisdiction thereof and issue all necessary orders and grant all general and equitable relief to which W&T may be entitled, and that all further proceedings in the state court be discontinued.

Respectfully submitted,

SCHOUEST, BAMDAS, SOSHEA, & BENMAIER PLLC

BY: ______________________________
**SUSAN NOE WILSON**
Texas Bar NO. 15055025
S.D. Tex. ID No. 15092
snoewilson@sbsb-eastham.com
1001 McKinney, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
**ATTORNEY IN CHARGE FOR DEFENDANT, W&T OFFSHORE INC.**

OF COUNSEL

SCHOUEST, BAMDAS, SOSHEA, BENMAIER, EASTHAM, PLLC

**KELLY M. HAAS**
Texas Bar No. 24059874
S.D. Tex. ID No. 870096
khaas@sbsb-eastham.com
1001 McKinney, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942

## CERTIFICATE OF SERVICE

I certify that on October 11, 2024, a true copy of the foregoing document was served upon all counsel of record via the Court's Case Management/Electronic Case Files (CM/ECF) system.

______________________________
**SUSAN NOE WILSON**