# EXHIBIT 2

9/6/2024 3:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 91746668
By: Monica Jackson
Filed: 9/6/2024 3:52 PM

2024-60236 / Court: 333

CAUSE NO:

| | | |
|---|---|---|
| ROBERT N. JONES, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | ______ JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| W&T OFFSHORE INC., REC MARINE LOGISTICS, LLC and GULF OFFSHORE LOGISTICS, LLC | § § § | HARRIS COUNTY, TEXAS |
| | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff ROBERT N. JONES files this First Amended Petition against his Jones Act employer Defendant(s) REC MARINE LOGISTICS, LLC and GULF OFFSHORE LOGISTICS, LLC and W&T OFFSHORE INC. and in support of his causes of action, respectfully show this Honorable Court the following:

## I. PARTIES

1. Plaintiff ROBERT N. JONES is a United States citizen and American Seaman, and files this action under the general maritime law of the United States, the maritime law of the United States as modified and the Jones Act 1920, 46 U.S.C. Section 30104. As such, this case is not removable. Plaintiff is an individual residing in Houma, Louisiana.

2. Defendant W&T OFFSHORE INC. is a domestic company registered and doing business in the State of Texas. Its principal office is located at 5718 Westheimer Road, Suite 700, Houston, Texas. It can be served through its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Defendant REC MARINE LOGISTICS, LLC is a foreign limited liability registered and doing business in the State of Louisiana. It can be served through its registered agent Ronald Elie Chaddock at 4535 Highway 308, Raceland, Louisiana 70394.

Unofficial Copy Office of Marilyn Burgess District Clerk

4. Defendant GULF OFFSHORE LOGISTICS, LLC is a foreign limited liability registered and doing business in the State of Louisiana. It can be served through its registered agent Todd P. Danos at 4535 Highway 308, Raceland, Louisiana 70394

## II. DISCOVERY CONTROL PLAN

5. Discovery in this matter will be conducted pursuant to Level 2.

## III. CLAIM FOR RELIEF

6. The damages sought are within the jurisdictional limits of this court. Plaintiff seeks monetary relief in excess of $1,000,000, including damages of any kind, penalty, costs, expenses, punitive damages, pre-judgment interest, and attorney's fees.

## IV. JURISDICTION AND VENUE

7. This court has subject matter jurisdiction in this matter because the amount in controversy exceeds the minimum jurisdictional requirements of this court.

8. Venue is proper in Harris County, Texas, pursuant to Section Texas Civil Practices & Remedies Code Section(s) 15.002(a)(3) & 15.0181 because Harris County is Defendant W&T OFFSHORE INC.'s principal place of business.

9. Plaintiff is an American seaman and brings this action pursuant to Title 46 USC § 688 and 46 U.S.C. § 30104, and general maritime law because the act or omission involved traditional maritime activity. Plaintiff brings this action without the necessity of pre-payment of costs, fees, or the necessity of furnishing security pursuant to Title 28 U.S.C § 1916.

10. Personal jurisdiction is proper under general and specific jurisdiction. The doctrine of specific jurisdiction applies to this case because Defendant W&T OFFSHORE INC.'s contacts with the forum relates to their tortious acts that gave rise to this lawsuit. Dispute-blind jurisdiction is proper over Defendant W&T OFFSHORE INC. because Texas is the state where it can fairly be regarded at home. Defendant W&T OFFSHORE INC. has continuous and systematic general

Unofficial Copy Office of Marilyn Burgess District Clerk

business contacts with Texas. In accordance with the terms of the Jones Act, this action is not removable to U.S. District Court.

11. At all times material to the lawsuit, Defendants REC MARINE LOGISTICS, LLC and GULF OFFSHORE LOGISTICS, LLC owned, owned *pro hac vice*, manned, managed, chartered, leased, operated, crewed, and/or controlled the vessel *M/V GOL Warrior*.

12. At all times material to this lawsuit, Robert Jones was employed by Defendant REC MARINE LOGISTICS, LLC and GULF OFFSHORE LOGISTICS, LLC as a deckhand and member of the crew of *M/V GOL Warrior*.

13. At all times material to this lawsuit, *M/V GOL Warrior* was a vessel in navigation upon navigable waters.

## V. FACTUAL BACKGROUND

14. On or about June 5, 2024, Plaintiff was employed by REC MARINE LOGISTICS, LLC and GULF OFFSHORE LOGISTICS, LLC (hereinafter REC & GOL) as a deckhand on the vessel M/V GOL Warrior. Defendants REC & GOL are sister companies, and they collectively had control over Plaintiff's assignments, the work he was performing, the upkeep of the vessel, the adequacy of the crew, furnished all tools and equipment that the crew and Plaintiff were expected to use, and was responsible for paying Plaintiff.

15. Plaintiff became seasick, and Defendants REC & GOL directed him to be transported to a platform by a crane with a basket for personnel, all during intense wind and seas.

16. Plaintiff was injured because the M/V GOL Warrior crew signaled a crane operator to lift a personnel basket before Plaintiff was ready to be lifted, and he fell out of the basket onto the deck of the vessel. Specifically, the flagger, a crew member of the M/V GOL Warrior signaled the lift too early.

Unofficial Copy Office of Marilyn Burgess District Clerk

17. The crane operator, an employee of W&T OFFSHORE INC., lifted the basket when he knew that Plaintiff had only one foot on the basket.

18. Plaintiff landed on the deck below and landed on his butt. Thereafter, he began to experience neck and lower back pain.

## VI. CAUSES OF ACTION

### A. <u>Jones Act negligence as to Vessel Owner and Operator</u>

19. Plaintiff incorporates the above paragraphs as if set forth in full below.

20. With respect to the incidents, Defendants REC & GOL's actions and omissions constituted negligence. Defendants breached a duty to Plaintiff of providing for the safety of the crew and to provide a safe place to work. Plaintiff's working conditions could have been made safe through Defendants' exercise of reasonable care. Defendants' imprudent acts included, but were not limited to:

- Moving a seasick crew member by means of a crane and basket;
- Failing to adequately equip the vessel with equipment to move people via crane;
- Failing to adequately equip the vessel with properly trained crew members to operate as flaggers to move people by crane and basket;
- Failing to provide a proper lift plan for moving persons by crane and basket;
- Failing to have enough competent and adequately trained crew members;
- Using defective equipment, i.e., a basket without proper safeguards to prevent slips and falls;
- Failing to train its employees;
- Failing to maintain a safe work environment;
- Failing to conduct a JSA/JBD or adequately consider the risk of improperly trained crew;
- Failing to manage the operation;

Unofficial Copy Office of Marilyn Burgess District Clerk

- Failing to prevent unsafe conditions;
- Forcing the crew to perform work when unsafe to do so;
- Failing to follow the policies and procedures;
- Failing or ignoring industry standards, recommendations, procedures or guidelines;
- Failing to enforce safety protocols in the operation of the vessel;
- Firing Plaintiff because of the anticipation he may file a lawsuit;
- Promulgating policies and procedures that were inadequate and unsafe;
- Failing to ensure that protections were in place to avoid work injuries; and
- Contributing to the events described herein that contributed to Plaintiff's injury.

21. Said acts of negligence were the proximate cause of Plaintiff's injuries.

**B. <u>Unseaworthiness as to Vessel Owner and Operator</u>**

22. Plaintiff incorporates the above paragraphs as if set forth in full below.

23. As the vessel's owners and operators, Defendants REC & GOL owed Plaintiff the absolute duty to keep and maintain the vessel, and all decks and passageways, appliances, gear, tools, parts, and equipment in a seaworthy condition at all times, and provide a sufficient and adequate crew and plans. However, the vessel was not reasonably fit for its intended use, lacked the proper equipment, lacked an adequately trained and managed crew, lacked adequate plans, and therefore was unseaworthy. The unseaworthy conditions were a proximate cause of the Plaintiff's injuries and damages as described below.

**C. <u>Maintenance and Cure as to Vessel Owner and Operator</u>**

24. Plaintiff incorporates the above paragraphs as set forth in full below.

25. Plaintiff would show that on the above-mentioned date, he was injured while in the service of the Vessel GOL Warrior while under the control of Defendants. As a result, Defendants

Unofficial Copy Office of Marilyn Burgess District Clerk

had and continues to have a non-delegable duty to provide Plaintiff with the benefit of maintenance and cure.

26. Plaintiff would show that he has not reached maximum medical improvement and that Defendants' duties continue.

27. By reason of the contractual relationship between Plaintiff, as a member of the crew in navigable waters, and Defendants REC & GOL as his employer, Plaintiff is entitled to maintenance and cure for such time as he has been and will be either convalescing from his injuries under medical care or reaching his maximum improvement.

28. This suit is maintained against Defendant Transocean for payment of past due maintenance and cure for which Defendants REC & GOL is obligated to Plaintiff. Defendants REC & GOL have failed and refused or stopped payment upon filing of this lawsuit and continues to fail and refuse to provide Plaintiff maintenance and cure. Additionally, Defendants REC & GOL has delayed provision of maintenance and cure, causing Plaintiff further damage and injury. This conduct was committed willfully and wantonly. Accordingly, Plaintiff is entitled to reasonable and necessary attorney's fees and costs.

29. Further, under the authority of the U.S. Supreme Court's recent decision in *Atlantic Sounding v. Townsend* , 557 U.S. 404 (2009), Defendants REC & GOL, Inc.'s failure to pay maintenance and cure justifies the imposition of punitive and exemplary damages against Defendants REC & GOL.

**D. Negligence as to Third-party W&T Offshore Inc.**

30. Plaintiff incorporates the above paragraphs as if set forth in full below.

31. With respect to the incidents, Defendant W&T Offshore' s actions and omissions constituted negligence. Defendant breached a duty to Plaintiff to provide a safe operation of a crane as reasonable and prudent crane operator would do under the same or similar circumstances.

Unofficial Copy Office of Marilyn Burgess District Clerk

Defendants' imprudent acts included, but were not limited to:

- Moving a basket with personnel in it before they are fully inside the basket and ready to be moved, i.e., while they only had one foot inside the basket;
- Failing to adequately train the crane operator to safely move people via crane and basket;
- Failing to adequately equip the crane with a safe basket to move personnel on and off the premises;
- Failing to provide a proper lift plan for moving persons by crane and basket;
- Failing to have enough competent and adequately trained crew members;
- Using defective equipment, i.e., a basket without proper safeguards to prevent slips and falls;
- Failing to train its employees;
- Failing to maintain a safe crane and basket;
- Failing to conduct a Job Safety Analysis (JSA) or adequately consider the risk of moving personnel via crane and basket;
- Failing to manage the operation;
- Failing to prevent unsafe conditions;
- Forcing the crew to perform work when unsafe to do so;
- Failing to follow the policies and procedures for crane and basket movement of personnel;
- Failing or ignoring industry standards, recommendations, procedures or guidelines;
- Failing to enforce safety protocols in the operation of the crane and basket;
- Promulgating policies and procedures that were inadequate and unsafe;
- Failing to ensure that protections were in place to avoid injuries from falling from a basket; and
- Contributing to the events described herein that contributed to Plaintiff's injury.

32. Said acts of negligence were the proximate cause of Plaintiff's injuries.

Unofficial Copy Office of Marilyn Burgess District Clerk

## VII. DAMAGES

33. Plaintiff incorporates the above paragraphs as if set forth in full below.

34. By reason of the occurrence made the basis of this action, including the conduct on the part of Defendants, Plaintiff sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

35. As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

36. Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

37. Additionally, because of the injuries sustained in the incident, Plaintiff has suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

38. In the alternative, if it is shown that Plaintiff was suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

39. Plaintiff is physically impaired because of his injuries. Consequently, he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

40. Plaintiff seeks maintenance and cure compensation as described above, and punitive damages because of improperly withholding maintenance and cure payments.

41. Plaintiff also seeks punitive damages from Defendant W&T Offshore because the acts and/or omissions of Defendant W&T as described above, when viewed objectively from their

Unofficial Copy Office of Marilyn Burgess District Clerk

standpoint, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendant W&T had actual subjective awareness of the risk involved of transporting personnel with a crane and basket, and moving the basket in an unsafe manner, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff. As such, these actions and omissions constitute gross negligence and malice as those terms are understood by law.

42. Plaintiff hereby seeks all Pre-Judgment and Post-Judgment Interest in the maximum amounts as allowed by law on each separate and individual element of damage.

**VIII. JURY TRIAL DEMAND**

43. Plaintiff hereby requests a trial by jury on all claims and tenders the appropriate fees with this Petition.

**IX. PRAYER**

44. For all of the aforementioned reasons, Plaintiff prays for judgment against Defendants, jointly and severally, in the amount of five million dollars ($5,000,000) for actual damages for pecuniary losses, mental anguish, pain and mental anguish, disfigurement, and medical expenses; five million dollars ($5,000,000) in exemplary damages; pre- and post-judgment interest as allowed by law; all costs of Court; and all such other and further relief, at law and in equity, to which Plaintiff may be justly entitled.

[Signature block next page]

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Bret Griffin
State Bar No. 24025396
Colby Holler
State Bar No. 24126898
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
tbuzbee@txattorneys.com
bgriffin@txattorneys.com
choller@txattorneys.com
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk

**CAUSE NO. 2024-60236**

| | | |
|---|---|---|
| **ROBERT N. JONES**<br>***Plaintiff,***<br><br>**vs.**<br><br>**W&T OFFSHORE INC., REC MARINE LOGISTICS, LLC and GULF OFFSHORE LOGISTICS, LLC**<br>***Defendants.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF**<br><br><br><br>**333RD JUDICIAL DISTRICT**<br><br><br><br>**HARRIS COUNTY, TEXAS** |

**DEFENDANT, W&T OFFSHORE INC.'S**
**ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

COMES NOW, Defendant, W&T Offshore Inc. ("Defendant" or "W&T Offshore"), and files its Answer to Plaintiff's Original Petition (hereinafter "Petition") and would respectfully show the Court the following:

## I. GENERAL DENIAL

1. As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a General Denial of matters pled by Plaintiff, Robert N. Jones, in his Original Petition and requests that this Court require Plaintiff to prove said charges and allegations by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate.

## II. AFFIRMATIVE DEFENSES

2. The Petition fails to state a claim or cause of action against the Defendant upon which relief can be granted.

3. The sole cause of the alleged accident, or a contributing cause to it, was the fault, carelessness, misconduct, negligence, and/or want of due care on the part of third

parties or others for whom Defendant is not responsible, which acts, or omissions serve as a complete bar to, or join in diminution of, any recovery by Plaintiff against Defendant.

4. Plaintiff's injuries, if any, were caused exclusively by his own negligence, which negligence is pled as a complete bar to, or in diminution of, any recovery by the Plaintiff.

5. Plaintiff's injuries, if any, were caused exclusively by the known risks and hazards of his employment, all of which Plaintiff voluntarily assumed.

6. Plaintiff's injuries, if any, were caused by the ordinary and normal risks incident to his occupation, for which Defendant is not responsible.

7. Plaintiff assumed the risk of any injuries, if any.

8. Plaintiff's injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening, intentional and/or superseding causes for which defendants are not legally responsible.

9. Plaintiff's injuries, if any, were caused by a fellow servant.

10. Plaintiff's damages, if any, are barred in whole or in part as Plaintiff's alleged damages are the result of a pre-existing condition and were not caused by any act or omission of negligence, and/or gross negligence, and/or unseaworthiness by Defendant.

11. Defendant did not breach any duty owed to Plaintiff.

12. Defendant's actions or inactions were not a cause in fact of the Plaintiff's alleged damages.

13. Plaintiff has failed to and/or breached his duty to mitigate his damages, if any. Plaintiff's recovery, if any, should be barred or reduced accordingly.

14. Defendant requests an offset and credit for payments made to Plaintiff by third parties, as well as for any compensation they receive or have received through workers compensation, Medicare, the Social Security Administration, and/or private health, retirement, and/or welfare benefits. Defendant also affirmatively pleads all right to limitation of damages, bifurcation, specificity of award and all other rights as articulated in Chapter 41 of the Texas Civil Practice and Remedies Code.

15. Defendant specifically denies the allegations made in Plaintiff's Petition that Defendant committed acts of negligence and/or gross negligence, that the vessel was unseaworthy, and that Defendant is liable to Plaintiff for any sum or type of pecuniary, non-pecuniary, or punitive damages of any other sort.

16. Defendant hereby invokes the doctrine of proportionate responsibility and requests that Plaintiff's recovery, if any, be reduced and apportioned. Defendant further requests that a comparative fault question be submitted for the jury's consideration.

17. Defendant hereby invoked the primary duty doctrine as a complete bar to any recovery by Plaintiff and requests that a primary duty question be submitted for the jury's consideration.

18. Plaintiff's alleged injury did not occur within the course and scope of his employment and was not related to his work.

19. Defendant's actions or inactions are not a cause in fact of the Plaintiff's alleged damages.

20. Defendant would further show that Plaintiff received medical treatments that were unnecessary and/or were unrelated to the subject accident.

21. To the extent that damages, injuries and/or harms are alleged that have not yet been sustained, but which are alleged may arise in the future, such claims are barred as being premature and/or entirely speculative.

22. Subject to, and without waiving any other defenses, for further Answer and as a separate defense, Defendant asserts that Plaintiff is not entitled to recover punitive damages as alleged.

23. For further answer, if such is necessary, Defendant answers any allegations of gross negligence, malice, arbitrary and capricious, willful, callous, persistent, willful and wanton conduct, and/or exemplary or punitive damages as follows:

a. Plaintiff is not entitled to exemplary and/or punitive damages under the Jones Act, 46 U.S.C. § 30104(a) and/or the doctrine of unseaworthiness.

b. Defendant invokes and relies upon the limitations placed upon an award of exemplary damages as set forth in Texas Civil Practice & Remedies Code Section 41.008. In the unlikely event that a verdict should be rendered which would otherwise result in a judgment in excess of that allowed by Texas Civil Practice & Remedies Code Section 41.008, this Honorable Court should reduce and reform the judgment such that the caps and limitations set forth in Texas Civil Practice & Remedies Code Section 41.008 are not exceeded.

c. In addition to the limitations and caps set forth above, Defendant herein relies upon the entirety of Texas Civil Practice & Remedies Code Section 41, including, but not limited to, statutory provisions set forth therein providing for the proper clear and convincing burden of proof as to alleged punitive damages, and for the appropriate definition of gross negligence to be submitted to the trier of fact.

d. Plaintiff's claim for punitive or exemplary damages should be proved beyond a reasonable doubt.

e. Plaintiff's allegations of "conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff" and claim for exemplary or punitive damages against Defendant should be determined only by Defendant's

actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference.

f. Plaintiff's allegations of "conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff" and claim for exemplary or punitive damages must be assessed by the unanimous verdict of all twelve jurors.

g. Plaintiff's allegations of "conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff" and claim for exemplary or punitive damages should not be assessed, in part, because defendants who are subject to exemplary or punitive damages do not have the right to refuse to testify against themselves, but in fact, must take the stand and/or give deposition testimony or otherwise subject themselves to the consequences of a default judgment.

h. Plaintiff's allegations of "conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff" and claim for exemplary or punitive damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and limit of such awards, and therefore, the standard is unduly vague and does not meet the requirements of due process.

i. There can be no award for punitive or exemplary damages, because, at a minimum, Defendant exercised some care and, in fact, was not even negligent.

j. Allowing the recovery of exemplary or punitive damages, if any, within a cap provided under the Texas Civil Practice & Remedies Code is arbitrary, unreasonable and excessive, and in violation of the United States and Texas Constitutions.

k. In *Exxon Shipping Company v. Baker,* 554 U.S. 471 (2008), a maritime pollution case, the United States Supreme Court held that an award of exemplary and/or punitive damages must be capped and/or limited to a 1:1 or less ratio to compensatory damages. While denying that punitive damages are available to Plaintiff in this matter, or that *Baker* applies to a maritime personal injury action, any award of exemplary and/or punitive damages that is not capped and/or limited to a 1:1 or less ratio to compensatory damages violates Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

l. Plaintiff's claims for exemplary and/or punitive damages against Defendant cannot be sustained because any award of exemplary and/or punitive damages without bifurcating the trial as to all punitive damage issues would violate its due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

24. Pleading further and in the alternative, Defendant would show that according to Texas Civil Practice & Remedies Code Section 41.0105, the recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

25. Defendant reserves the right to amend its Answer to Plaintiff's Petition after it has had an opportunity to more closely investigate these claims as is its right and privilege under the Texas Rules of Civil Procedure and the laws of the State of Texas.

## III. DISCOVERY LEVEL

26. Defendant denies that discovery should be conducted under Level 2 of the Texas Rules of Civil Procedure. Instead, discovery should be conducted pursuant to Level 3 and the Court should enter a discovery plan tailored to the circumstances of this case.

## IV. NOTICE OF INTENT TO USE PRODUCED DOCUMENTS

27. Pursuant to Texas Rule of Civil Procedure 193.7, notice is hereby given that Defendant intends to exercise its right to use all documents that were produced by Plaintiff against Plaintiff in any hearing or the trial in this matter.

## V. PRAYER FOR RELIEF

For these reasons, Defendant asks the Court to dismiss Plaintiff's claims, assess costs against Plaintiff, and award all other relief to which Defendant is entitled.

Respectfully submitted,

SCHOUEST, BAMDAS, SOSHEA, & BENMAIER PLLC

BY: /s/ Susan Noe Wilson
**SUSAN NOE WILSON**
Texas Bar No. 15055025
snoewilson@sbsb-eastham.com
**KELLY M. HAAS**
Texas Bar No. 24059874
khaas@sbsb-eastham.com
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
**ATTORNEYS FOR DEFENDANT,**
**W&T OFFSHORE INC.**

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing document on the following parties by the **efile.txcourts.gov** on October 7, 2024.

Plaintiff, Robert N. Jones, through his attorneys of record:

**THE BUZBEE LAW FIRM**
Anthony G. Buzbee (tbuzbee@txattorneys.com)
Brett Griffin (bgriffin@txattorneys.com)
Colby Holler (choller@txattorneys.com)

/s/ Susan Noe Wilson
**SUSAN NOE WILSON**

9/6/2024 3:52:41 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 91746668
By: JACKSON, MONICA J
Filed: 9/6/2024 3:52:41 PM

Marilyn Burgess
HARRIS COUNTY DISTRICT CLERK
201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** ______________ **CURRENT COURT:** ______________

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** ____September 6, 2024__________ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**: GULF OFFSHORE LOGISTICS, LLC ______________

Address of Service: 4535 Highway 308 ______________

City, State & Zip:____Raceland, Louisiana 70394______________

Agent (if applicable) Todd P. Danos ______________

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

**X Citation** ☐ **Citation by Posting** ☐ **Citation by Publication** ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias** **Newspaper**______________

☐ **Temporary Restraining Order** ☐ **Precept** ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)** ☐ **Capias** **(not by E-Issuance)** ☐ **Attachment** **(not by E-Issuance)**

☐ **Certiorari** ☐ **Highway Commission/Texas Department of Transportation ($12.00)**

☐ **Commissioner of Insurance ($12.00)** ☐ **Hague Convention ($16.00)** ☐ **Garnishment**

☐ **Habeas Corpus** **(not by E-Issuance)** ☐ **Injunction** ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** ______________

**(See additional Forms for Post Judgment Service)**

**SERVICE BY *(check one)*:**

☐ **ATTORNEY PICK-UP (phone)** ______________

☐ **MAIL to attorney at:** ______________

☐ **CONSTABLE**

☐ **CERTIFIED MAIL by District Clerk**

☐ **E-Issuance by District Clerk**
**(No Service Copy Fees Charged)**

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: ______________ Phone: ______________

**X OTHER**, *explain* **email:** adees@txattorneys.com ______________

**Issuance of Service Requested By:** Attorney/Party Name: Bret Griffin/Plaintiff Bar # or ID 24025396

Mailing Address: 600 Travis Street, Suite 7500, Houston, Texas 77002

Phone Number: (713) 223-5393

Unofficial Copy Office of Marilyn Burgess District Clerk

9/6/2024 3:52:41 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 91746668
By: JACKSON, MONICA J
Filed: 9/6/2024 3:52:41 PM

Marilyn Burgess
HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** ____________________ **CURRENT COURT:** ____________________

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** ____September 6, 2024__________ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**: REC MARINE LOGISTICS, LLC

Address of Service: 4535 Highway 308

City, State & Zip: Raceland, Louisiana 70394

Agent (if applicable) Ronald Elie Chaddock

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- X **Citation**
- ☐ **Citation by Posting**
- ☐ **Citation by Publication**
- ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias** **Newspaper**______________
- ☐ **Temporary Restraining Order**
- ☐ **Precept**
- ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State Citation ($12.00)**
- ☐ **Capias** (not by E-Issuance)
- ☐ **Attachment** (not by E-Issuance)
- ☐ **Certiorari**
- ☐ **Highway Commission/Texas Department of Transportation ($12.00)**
- ☐ **Commissioner of Insurance ($12.00)**
- ☐ **Hague Convention ($16.00)**
- ☐ **Garnishment**
- ☐ **Habeas Corpus** (not by E-Issuance)
- ☐ **Injunction**
- ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)** ______________________________

**(See additional Forms for Post Judgment Service)**

**SERVICE BY *(check one)*:**

- ☐ **ATTORNEY PICK-UP (phone)** ________________
- ☐ **MAIL to attorney at:** ________________
- ☐ **CONSTABLE**
- ☐ **CERTIFIED MAIL by District Clerk**
- ☐ **E-Issuance by District Clerk**
  **(No Service Copy Fees Charged)**
  *Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.
- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: ______________ Phone: __________

**X OTHER**, *explain* **email:** adees@txattorneys.com

**Issuance of Service Requested By:** Attorney/Party Name: Bret Griffin/Plaintiff Bar # or ID 24025396

Mailing Address: 600 Travis Street, Suite 7500, Houston, Texas 77002

Phone Number: (713) 223-5393

Unofficial Copy Office of Marilyn Burgess District Clerk

9/6/2024 3:52:41 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 91746668
By: JACKSON, MONICA J
Filed: 9/6/2024 3:52:41 PM

Marilyn Burgess
HARRIS COUNTY DISTRICT CLERK
201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** ______________ **CURRENT COURT:** ______________

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** _____September 6, 2024___________ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**: W&T OFFSHORE INC.

Address of Service: 1999 Bryan Street, Suite 900

City, State & Zip: Dallas, Texas 75201

Agent (if applicable) CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

**X Citation** ☐ **Citation by Posting** ☐ **Citation by Publication** ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias** **Newspaper**______________

☐ **Temporary Restraining Order** ☐ **Precept** ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)** ☐ **Capias** (not by E-Issuance) ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari** ☐ **Highway Commission/Texas Department of Transportation ($12.00)**

☐ **Commissioner of Insurance ($12.00)** ☐ **Hague Convention ($16.00)** ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance) ☐ **Injunction** ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** ______________

**(See additional Forms for Post Judgment Service)**

**SERVICE BY *(check one)*:**

☐ **ATTORNEY PICK-UP (phone)** ______________

☐ **MAIL to attorney at:** ______________

☐ **CONSTABLE**

☐ **CERTIFIED MAIL by District Clerk**

☐ **E-Issuance by District Clerk**
**(No Service Copy Fees Charged)**

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: ______________ Phone: ______________

**X OTHER**, *explain* **email:** adees@txattorneys.com

**Issuance of Service Requested By:** Attorney/Party Name: Bret Griffin/Plaintiff Bar # or ID 24025396

Mailing Address: 600 Travis Street, Suite 7500, Houston, Texas 77002

Phone Number: (713) 223-5393

Unofficial Copy Office of Marilyn Burgess District Clerk