1030-21163 #2033896

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **ROBERT N. JONES**<br>***Plaintiff,***<br><br>**vs.**<br><br>**W&T OFFSHORE INC., REC MARINE LOGISTICS, LLC and GULF OFFSHORE LOGISTICS, LLC**<br>***Defendants.*** | **CIVIL ACTION NO. 4:24-CV-03885** |

**REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(b)(2), IMPROPER VENUE UNDER RULE 12(b)(3) AND/OR 28 U.S.C. § 1406(a)**

**MAY IT PLEASE THE COURT:**

Defendants, REC Marine Logistics, LLC ("REC Marine") and Gulf Offshore Logistics, LLC ("Gulf Offshore") (hereinafter sometimes collectively referred to as "Defendants"), have filed a Motion to Dismiss the claims of Plaintiff, Robert Jones, on the basis of no personal jurisdiction and/or improper venue (the "Motion"). (R. Doc. 6). Plaintiff filed a response in opposition, requesting that the Motion be denied or that he be allowed to conduct jurisdictional discovery (the "Opposition"). (R. Doc. 9). Defendants file this brief Reply Memorandum to respond to the arguments raised in the Opposition.

REC Marine and Gulf Offshore respectfully request that their Motion be granted, or, alternatively, that this matter be transferred to the United States District Court for the Eastern District of Louisiana, which is a proper jurisdiction and venue, without the need for further jurisdictional discovery.

## PERTINENT BACKGROUND

For the sake of brevity, Defendants will only focus on those facts relevant to their Motion as the Court is well aware of the facts of this case. Plaintiff, Robert N. Jones, alleges he was injured after falling to the deck of the M/V GOL WARRIOR during a personnel basket transfer from the vessel to an offshore platform.[1] The platform was located in Block 73D in the West Delta field in the Gulf of Mexico, off the coast of Plaquemines Parish, Louisiana.[2]

In his Opposition, Plaintiff urges this Honorable Court "to focus on the Defendants' relationship, which necessitates examining their contractual relations" in an attempt to establish the personal jurisdiction of Texas Courts over Defendants.[3] Plaintiff surmises without any evidence that there must have been a contract between W&T Offshore, Inc. (W&T), REC Marine, and Gulf Offshore which covered the work being performed at the time of his alleged accident. He claims W&T was the "master" of any such contract and that it "was negotiated and executed in Texas—specifically, in Harris County."[4] Plaintiff's unsupported assumptions are simply incorrect.

Defendants note that Jones also fails to address the alternative argument for dismissal or transfer based on improper venue set forth in Defendants' Motion.[5] Even if jurisdiction were proper, this Court is still an improper venue for an action related to an

---

[1] See Original Petition, Rec. Doc. 1-1 and 1-2.
[2] See Declaration of Blaine Russell dated October 30, 2024, R. Doc. 6-2, p. 6-7.
[3] R. Doc 9, n. 1.
[4] R. Doc. 9, p. 4.
[5] R. Doc. 6.

incident that occurred in Louisiana and in which the Defendants are Louisiana domiciliaries.

**LAW AND ARGUMENT**

## I. Jurisdiction

Plaintiff asserts that his "claim arises directly from the contractual relationship between [W&T, REC Marine and Gulf Offshore]."[6] As noted above and in the attached Declaration from Blaine Russell, there was no contract between these parties covering the work being performed at the time of Plaintiff's accident.[7] At one time, Gulf Offshore was party to a Blanket Time Charter Agreement with W&T Offshore.[8] However, as explained in the Motion, Gulf Offshore ceased operations in 2016.[9] The Blanket Time Charter was subsequently assigned to GOL, LLC (a Louisiana limited liability company) pursuant to an Assignment and Assumption Agreement dated June 1, 2016.[10] The Assignment and Assumption Agreement was executed on behalf of GOL, LLC ("GOL") **in Louisiana**.[11]

Even if there had been a contract in place at the pertinent time between W&T, REC Marine and/or Gulf Offshore, Jones' argument fails. His claims of injury and damage do not arise in contract but rather in tort. Specifically, Jones alleges he was injured because another crewmember on the M/V GOL WARRIOR signaled a crane operator on a W&T platform (off the coast of Louisiana) to lift a personnel basket before plaintiff was ready.[12]

---

[6] R. Doc. 9, at 7.
[7] See also Declaration of Blaine Russell dated November 29, 2024, attached hereto as Exhibit A.
[8] Exhibit A.
[9] R. Doc. 6-1, p. 4; R. Doc. 6-2, p. 25.
[10] Exhibit A.
[11] *Id.*
[12] R. Doc. 1-2, p. 4.

He further alleges that the crane operator (employed by W&T) lifted the personnel basket when he knew Jones only had one foot in the basket.[13] The success or failure of Plaintiff's claims do not depend on the existence of some purported contract (to which he admittedly was not a party), but rather on proving the negligence or fault of the defendants or their employees.

As already discussed, Defendant Gulf Offshore ceased operations in 2016, eight years before Jones' incident (a fact which he doesn't dispute).[14] Accordingly, this litigation could not possibly arise out of actions by Gulf Offshore which were purposefully directed at the forum state as necessary for specific jurisdiction. Moreover, a company that ceased operations eight years before the incident cannot be found to have "affiliations with the State … so 'continuous and systematic' as to render" it "essentially at home in the forum State." *Cypert v. Broussard Bros., Inc.,* 2013 WL 3480381 at *2 (S.D.Tex. July 9, 2013) (Costa, J.) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011) (U.S. Supreme Court also stating that for a corporation, the "paradigm forum" is "one in which the corporation is fairly regarded as at home")).

The secondary argument made by Jones, to which he devotes little attention, is that REC Marine must conduct operations in Texas waters. The basis for the argument is a printout from some website which lists an "area of operation" for REC Marine vessels as the "Intercoastal Waterway" between New Orleans and Port Arthur. The printout is unauthenticated, unverified, and doesn't even display the website from which it was

---

[13] R. Doc. 1-2, p. 5

[14] R. Doc. 6-2, at 25.

printed. Furthermore, there is no such thing as the "Intercoastal Waterway." Assuming this was intended to be a reference to the "Intracoastal Waterway," Defendants would ask the Court to take judicial notice that the area of the Intracoastal Waterway between New Orleans and Port Arthur would be almost exclusively within the confines of Louisiana. Port Arthur, Texas, sits right across the border from Louisiana, along Sabine Lake. In fact, Sabine Lake is divided down the middle with the western side being Texas and the Eastern side being Louisiana. Plaintiff does not provide any evidence that REC Marine actually operates vessels on the Texas side of the waterway on which Port Arthur sits. Even if a REC Marine vessel has at some point in the past traveled into Texas waters adjacent to Port Arthur (of which Jones provides no evidence), Plaintiff does not allege or even suggest that that such contact was continuous and systematic such that REC Marine is subject to general jurisdiction in Texas for an incident which occurred off the coast of Plaquemines Parish, Louisiana.

REC Marine reiterates that its home office and principal place of business are in Raceland, Louisiana.[15] REC Marine does not have an office or place of business located in Texas, it does not own or lease any property in Texas, and it does not maintain any bank accounts in Texas.[16] See *Cypert, Inc.*, 2013 WL 3480381 at *2–3 (relying on same facts in finding general personal jurisdiction did not exist). REC Marine is not registered to do business in Texas, does not have a registered agent for service of process in Texas, and does not advertise or have a telephone listing in Texas.[17] See *Goodyear Dunlop Tires*

---

[15] R. Doc. 6-2, at 6.
[16] *Id.*, at 6-7
[17] *Id.*, at 7.

*Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2852; *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 611 (5th Cir. 2008); *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 372 (5th Cir. 1987) (considering similar facts in finding no general personal jurisdiction). Furthermore, REC Marine neither owns nor operates any vessels with a homeport in Texas.[18]

Plaintiff asserts that "Defendants cannot reasonably claim surprise or a constitutional burden in defending itself in a Texas court…"[19] This is false. The evidence in REC Marine's possession related to the incident is in Louisiana. Any witnesses REC Marine may call, including Plaintiff, would also be domiciled outside the subpoena power of this Court. Further, the crane used to lift the personnel basket and the platform to which Plaintiff was being lifted are located off the coast of Louisiana. Defendants would be substantially burdened and their defense hampered should they be forced to defend themselves in a Texas court for an alleged incident that occurred off the coast of Louisiana.

## II. A Texas court is the improper venue for this action

For the purposes of venue, a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's

[18] *Id.*, at 7.
[19] *Id.*, at 8.

personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Plaintiff implies that this action arose from a contractual relationship between all named Defendants.[20] However, this is not the case. This action arose from alleged physical injuries which occurred off the coast of Plaquemines Parish, Louisiana.[21] Plaintiff has never disputed the location of the alleged injury.[22] Further, Defendants do not "reside" in Texas. They reside in Louisiana. Therefore, under 28 U.S.C. § 1391(b), a Texas court is an improper venue. Should this Honorable Court deny Defendant's Motion to Dismiss, Defendants respectfully request that, in the alternative, this Court transfer the matter to the United States District Court for the Eastern District of Louisiana, where the incident occurred and where Defendants and their evidence are located.

## CONCLUSION

Plaintiff claims jurisdiction exists over REC Marine and Gulf Offshore because these companies were parties to a contract with W&T (a Texas company) which governed the work being done at the time of his alleged injury. This is verifiably false, but even if it were not, such is insufficient to establish jurisdiction of a Texas court over Defendants. For the foregoing reasons, as well as those set forth in their Motion to Dismiss, REC Marine Logistics, LLC and Gulf Offshore Logistics, LLC, respectfully request that this Honorable Court grant their Motion and dismiss Plaintiff's claims against them or transfer this matter to the United States District Court for the Eastern District of Louisiana.

[20] R. Doc. 9.
[21] R. Doc. 6-2, at 6.
[22] See R. Doc. 9.

Respectfully submitted,

***/s/ Aaron B. Greenbaum***
Aaron B. Greenbaum
(SDTX - Federal ID No. 2023921, TX #24110938)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Aaron.Greenbaum@pjgglaw.com
**Attorney In Charge for Defendants, REC Marine Logistics, LLC and Gulf Offshore Logistics, LLC**

OF COUNSEL

PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC

Kyle A. Khoury
(SDTX – Federal ID No. 2998129)
Shelia R. Tolar
(SDTX – Federal ID No. 3858992)
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Kyle.Khoury@pjgglaw.com
Shelia.Tolar@pjgglaw.com

## CERTIFICATE OF SERVICE

I certify that on November 29, 2024, a true copy of the foregoing document was served upon all counsel of record via the Court's Case Management/Electronic Case Files (CM/ECF) system.

***/s/ Aaron B. Greenbaum***